UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW DENNEY, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) | Case No. 4:12CV377 JCH |
| LESTER'S, LLC, et al., ) ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice, filed on June 14, 2012. ("Motion to Conditionally Certify," ECF No. 15). This motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Andrew Denney ("Plaintiff" or "Denney") previously worked as a server at one of the three restaurant locations owned by Defendants Lester's, LLC; Little Lester, LLC; and Lester's Tavern, LLC ("Defendants" or "the Lester Entities"), respectively. (Amended Complaint, ECF No. 7, ¶¶ 1, 5, 9-11). Specifically, Plaintiff worked at the restaurant located in Ladue, Missouri, which was owned by Defendant Lester's, LLC. (Id., ¶¶ 5, 9). Plaintiff worked as a server at the restaurant in Ladue from about June 2008 through December 2011. (Id., ¶ 5). The other restaurants are located in Chesterfield, Missouri, and St. Louis, Missouri. (Id., ¶ 1).

Plaintiff filed this lawsuit on March 1, 2012. According to Plaintiff, Defendants did not pay their servers required regular and overtime wages, did not keep accurate records of hours worked, did not pay the tipped minimum wage or tipped overtime wage for all hours worked, and did not pay

their servers the full minimum wage for regularly assigned non-tipped duties. (Id., ¶ 1). Specifically, Plaintiff alleges Defendants paid their servers tipped minimum wage for all paid hours, although the servers spent more than 20% of their working time performing non-tipped duties. (Id., ¶ 20). Plaintiff also alleges Defendants edited their servers' time records so that servers were paid for less than forty hours per workweek, thereby denying regular and overtime compensation to their servers. (Id., ¶¶ 40, 41). Plaintiff asserts these actions were in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Missouri Minimum Wage Law ("MMWL"), MO. REV. STAT. § 290.500 et seq. (Id., ¶¶ 1, 3).

Plaintiff brought this action on behalf of himself and all other similarly situated servers employed by Defendants at their three restaurants. (Id., ¶¶ 7, 8). As noted above, Plaintiff filed his Motion to Conditionally Certify on June 14, 2012. According to Plaintiff, Defendants' practices with regards to non-tipped work duties and time records were company policies. Plaintiff requests (1) an Order conditionally certifying this case as a collective action and authorizing Plaintiff to send notice under § 16(b) of the FLSA, 29 U.S.C. § 216(b), to all current and former servers employed by Defendants at their three restaurants at any time during the last three years; (2) an Order directing Defendants to provide Plaintiff with a computer-readable data file containing the name, last known address, and dates of employment for each server; and (3) an Order directing Defendants to conspicuously post notice of this case, as attached as Exhibit 1 to Plaintiff's Motion to Conditionally Certify (ECF No. 15-3), in the break areas and/or kitchens of their restaurants and to disseminate such notice with paychecks and/or pay stubs. Plaintiff also requests permission to send follow-up notices three weeks prior to the close of the notice period. Defendants oppose this motion.

**DISCUSSION**

**I.      Conditional Class Certification**

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage.  29 U.S.C. § 207 (2012).  Additionally, the FLSA allows employers to pay a minimum hourly wage to employees in a "tipped occupation" as long as the employee's tips make up the difference between the  hourly cash wage and the current federal minimum wage.  Fast v. Applebee's Intern., Inc., 638 F.3d 872, 874-75 (8th Cir. 2011) (citing 29 U.S.C. § 203(m); 29 U.S.C. § 206(a)(1)).  The Department of Labor's ("DOL") regulations recognize that an employee may hold more than one job for the same employer, one which generates tips and one which does not, and that the employee is entitled to the full minimum wage rate while performing the job that does not generate tips.  Id. (citing 29 C.F.R. § 531.56(e)).  "The DOL's 1988 Handbook provides that if a tipped employee spends a substantial amount of time (defined as more than 20 percent) performing related but nontipped work, such as general preparation work or cleaning and maintenance, then the employer may not take the tip credit for the amount of time the employee spends performing those duties."  Id.  An action to recover overtime compensation, unpaid minimum wages, and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b) (2012).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated."  Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010).  "Under this two-step process, the plaintiff first moves for class certification for notice purposes."  Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS,

2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010) (internal quotations and citation omitted). "The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class." Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007) (citations omitted). The Court does not reach the merits of the plaintiff's claims at this early stage of litigation. Id. "Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in." Dernovish, 2010 WL 143692 at *1 (internal quotations and citation omitted).[1]

"At the second step of the process, the defendant may move to decertify the class." Dernovish, 2010 WL 143692 at *1 (internal quotations and citation omitted). This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. Id. "If the claims are not similarly situated, the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice." Garner, 2004 WL 5455905 at *2 (citation omitted).

The FLSA does not define the term "similarly situated." Kautsch, 504 F.Supp.2d at 689. Courts agree that the plaintiff's burden at the first stage of the process is not onerous, however, and "plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."

---

[1] One primary distinction between a collective action under § 216(b) and a class action under Federal Rule of Civil Procedure 23 "is that under FLSA a similarly situated employee must 'opt-in' to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must 'opt-out' to avoid being bound by the judgment." Greenwald v. Phillips Home Furnishings Inc., No. 4:08CV1128, 2009 WL 259744, at *4 (E.D. Mo. Feb. 3, 2009) (citations omitted). "District courts have discretionary power to authorize the sending of notice of the opportunity to opt-in potential class members in a collective action brought pursuant to 29 U.S.C. § 216(b)." Garner v. Regis Corp., No. 03-5037-CV-SW-SWH, 2004 WL 5455905, at *1 (W.D. Mo. Aug. 5, 2004) (citation omitted).

Id. (citations omitted); see also Greenwald, 2009 WL 259744 at *4 ("Conditional certification at the notice stage generally requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.") (internal quotations and citations omitted). Plaintiffs may meet this burden by "detailed allegations supported by affidavits." Greenwald, 2009 WL 259744 at *4 (citation omitted).

Here, Plaintiff alleges all servers at Defendants' three restaurants were subject to two specific policies: their time records were edited to show they worked less than forty-hour workweeks, and they were paid the tipped minimum wage even though non-tipped work accounted for more than 20% of their work. Thus, Plaintiff alleges Defendants' servers were denied overtime compensation when they worked more than forty hours in a single week and were denied payment for their services at the appropriate minimum wage. In support of these allegations, Plaintiff submits his own affidavit, in which he states that he was denied minimum wages and overtime, and that other employees who performed similar work were also denied such compensation. Plaintiff also submits the affidavit of Bob Madden, a former server, bartender, and general manager at the restaurant in Ladue. In his affidavit, Madden states that, as a manager, he was instructed to delete hours from servers' time records in excess of the 39-hour time limit dictated by Defendants' senior management. Madden also states that, as a manager, he was told that Defendants' policy was to pay all servers tipped minimum wage for both tipped and non-tipped work. Courts have conditionally certified misclassification claims on the basis of allegations and evidence similar to what Plaintiff has provided here. See Schleipfer v. Mitek Corp., No. 1:06CV109, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007) (conditionally certifying a class based on the affidavit of a single employee); Boyle v. Barber & Sons, Co., No. 03-0574-CV-W-FJG, 2004 WL 5897946 (W.D. Mo. May 21, 2004) (same). Plaintiff's Motion to Conditionally Certify will therefore be granted.

## II.     Form and Manner of Notice

Plaintiff has attached proposed Notice and Consent Forms to his Motion to Conditionally Certify Class. Defendants object to Plaintiff's proposed Notice and Consent Forms on numerous grounds. The Court has considered Plaintiff's submissions, together with Defendants' objections, and now orders Plaintiff to utilize the language contained in the Notice Form attached to this Memorandum and Order.[2]

Additionally, Defendants object to Plaintiff's proposed methods of notice. Plaintiff requests permission to disseminate notice in the following manners: by regular mail, by electronic mail, through postings in Defendants' break rooms and kitchens, and with employee paychecks or pay stubs. Plaintiff also requests permission to send follow-up notices three weeks prior to the close of the notice period. Defendants argue notice via regular mail is sufficient and that multiple methods of notice should not be approved absent evidence regular mail is insufficient.

"The Court finds little basis for imposing a presumption that notice by mail should be the only approved method of providing notice absent a showing by the plaintiffs that personal mailing would be unreliable." Simmons v. Enterprise Holdings, Inc., No. 4:10CV625, 2011 WL 1304732, at *1 (E.D. Mo. Apr. 6, 2011). The better course is to determine what constitutes fair and proper notice based on the facts of each case. Id. (citing Mowdy v. Beneto Bulk Transport, No. C 06–05682, 2008 WL 901546, at *9 (N.D. Cal. Mar. 31, 2008)).

Here, the Court finds fair and proper notice to current and former servers will be accomplished by regular mail, electronic mail, and postings in Defendants' break rooms. See O'Donnell v. Sw. Bell Yellow Pages, Inc., No. 4:11CV1107, 2012 WL 1802336, at *4 (E.D. Mo. May 17, 2012). Given the breadth of forms of notice available to Plaintiff, the Court finds providing

---

[2]The Court approves the Consent Form proposed by Defendants (ECF No. 21-5, pp. 5-6).

follow-up notices to potential class members unnecessary and redundant, and the Court denies Plaintiff's request for permission to send follow-up notices.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (ECF No. 15) is **GRANTED** in accordance with the foregoing, and the Court conditionally certifies a class of all individuals who were employed as servers by Defendants at their respective restaurant locations in Ladue, Chesterfield, and St. Louis for the period of three (3) years prior to the date of this Order.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, Defendants shall produce to Plaintiff a list of all potential class members, including their names, last known mailing addresses, dates of employment, and email addresses, if known, in a computer-readable electronic data file format.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to send notices of this suit to potential opt-in Plaintiffs in a format substantially identical to the Notice attached to this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to send consent forms to potential opt-in Plaintiffs in a format substantially identical to the consent form in Exhibit 2 (ECF No. 21-5, pp. 5-6) attached to Defendants' Memorandum in Opposition to Plaintiff's Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice.

**IT IS FURTHER ORDERED** that Defendants shall conspicuously post notices substantially identical to the Notice attached to this Memorandum and Order in the break rooms of their respective restaurants in Ladue, Chesterfield, and St. Louis during the opt-in period.

Dated this 5th day of September, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW DENNEY, individually and on behalf of other similarly situated, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>LESTER'S, LLC, )<br>LITTLE LESTER, LLC, and )<br>LESTER'S TAVERN, LLC, )<br>)<br>Defendant(s). ) | Case No. 4:12CV377 JCH |

### NOTICE OF YOUR RIGHT TO JOIN LAWSUIT AGAINST LESTER'S, LLC; LITTLE LESTER, LLC; AND LESTER'S TAVERN, LLC

**TO:** All Present and Former Servers Who Worked at Any of Lester's Locations (9906 Clayton Road, Ladue, Missouri 63124; 14810 Clayton Road, Chesterfield, Missouri 63017; and 4651 Maryland Ave., St. Louis, Missouri 63108) at Any Time from [INSERT DATE 3 YEARS PRIOR TO NOTICE MAILING] to the Present.

**RE:** Fair Labor Standards Act Lawsuit Filed Against Lester's, LLC, Little Lester, LLC and Lester's Tavern, LLC

### INTRODUCTION

The purpose of this Notice is (1) to inform you of a collective action lawsuit, (2) to advise you of how your rights may be affected by this lawsuit, and (3) to instruct you on the procedure for joining this lawsuit should you choose to do so.

### DESCRIPTION OF THE LAWSUIT

On March 1, 2012, Andrew Denney filed a lawsuit against Lester's, LLC, Little Lester, LLC and Lester's Tavern, LLC on behalf of all other employees who have worked as servers at Lester's three locations (9906 Clayton Road, Ladue, Missouri 63124; 14810 Clayton Road, Chesterfield, Missouri 63017; and 4651 Maryland Ave., St. Louis, Missouri 63108). Plaintiff alleges that these servers performed work in excess of 40 hours per week without overtime pay in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff further alleges that servers spent 20% or more of their time performing non-tipped duties such as cleaning the restaurant, preparing for meal periods, and preparing food items, and should therefore be paid full minimum wage for the performance of such duties.

The Defendants deny that they have violated the FLSA, or that any wages are owed, and are defending against all claims that have been asserted.

## WHO DOES THIS LAWSUIT AFFECT?

Plaintiff performed a job as a server at one of Lester's locations (9906 Clayton Road, Ladue, Missouri 63124). He seeks to sue on behalf of himself and other individuals similarly situated at any of the Defendants' restaurants. Specifically, he seeks to sue on behalf of any individuals who meet the following requirements:

(a) Performed work as servers at one or more of Lester's locations (9906 Clayton Road, Ladue, Missouri 63124; 14810 Clayton Road, Chesterfield, Missouri 63017; and 4651 Maryland Ave., St. Louis, Missouri 63108) at any time between [INSERT DATE THREE YEARS PRIOR TO NOTICE MAILING] and the present; and

(i) Performed work in excess of 40 hours in any workweek without receiving overtime pay at a rate of at least one and one-half times the regular rate of pay; and/or

(ii) Spent more than 20% of their working time performing non-tipped duties such as cleaning, maintenance and preparation tasks and did not receive full minimum wage for the performance of such duties.

Plaintiff contends that work over 40 hours in a workweek must be compensated at overtime rates (one and one half times the regular pay rate) under the FLSA, and Defendants contend that their employees have been compensated in accordance with the law. Plaintiff contends that, to the extent servers spent more than 20% of their time on non-tipped duties, such nontipped duties must be compensated at the full minimum wage (not the tipped minimum wage) under the FLSA and Defendants contend that their employees have been compensated in accordance with the law.

## NO OPINION EXPRESSED AS TO MERITS OF THE CASE

This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. The U. S. District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the claims made by Plaintiff Andrew Denney or the defenses of Lester's, LLC, Little Lester, LLC and Lester's Tavern, LLC. There is no assurance at this time that any relief will be granted nor, if granted, the nature and amount of relief.

## HOW AND WHEN TO JOIN THE LAWSUIT

If you meet the requirements above, you may choose to join this action by mailing, faxing or emailing the attached Consent Form to the address, fax number or email address listed below for filing with the Court. Your Consent Form must be received by Plaintiff's counsel on or before _____ for you to participate in this case. Mail, fax or email the Consent Form to:

Lester's Litigation
c/o Liberman, Goldstein & Karsh
230 S. Bemiston Ave., Suite 1200

St. Louis, Missouri 63105
Fax: (314) 862-0605
Email: elikarsh@aol.com

A self-addressed, stamped envelope is enclosed for your convenience.

## FURTHER INFORMATION

If you want further information about this lawsuit, you may call Plaintiff's attorneys, Eli Karsh at (314) 862-3333 ext. 13 or Mark Potashnick at (314) 997-9150 ext. 2.

## EFFECT OF JOINING THIS LAWSUIT

If you join this lawsuit, you and the Defendants will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable, with respect to the FLSA claim asserted in this case.

If you file a Consent Form, your continued right to participate in this lawsuit will depend upon a later decision by the Court that you and the other Plaintiffs are "similarly situated" in accordance with applicable laws, and that it is appropriate for this case to proceed as a collective action. If you choose to join this lawsuit, you may be required to respond to written requests for information and documents, and appear for depositions, hearings or trial.

## EFFECT OF NOT JOINING THIS ACTION

If you do *not* join this lawsuit, you will not be bound by any ruling, judgment, award, or settlement entered in the FLSA claim asserted in this case, favorable or unfavorable. If you choose not to join this action, you are free to take action on your own or to do nothing at all.

## STATUTE OF LIMITATIONS

The FLSA has a maximum statute of limitations of three (3) years. If you choose to join this action, you may be able to recover damages if you performed work in excess of 40 hours per week without overtime compensation (one and one-half times your regular rate of pay) within three (3) years of the date your Consent Form is filed. If you choose not to join in this action or file your own action, some or all of your potential claims may be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Lester's, LLC, Little Lester, LLC and Lester's Tavern, LLC are prohibited from terminating you or retaliating against you in any manner because you choose to participate.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Consent Form, your interests will be represented by Plaintiff's attorneys:

| | |
|---|---|
| Eli Karsh | Mark Potashnick |
| Liberman, Goldstein & Karsh | Weinhaus & Potashnick |
| 230 South Bemiston, Suite 1200 | 11500 Olive Blvd., Suite 133 |
| St. Louis, Missouri 63105 | St. Louis, Missouri 63141 |
| Telephone: (314) 862-3333 ext. 13 | Telephone: (314) 997-9150 ext. 2 |
| Fax: (314) 862-0605 | Fax: (314) 997-9170 |
| Email: elikarsh@aol.com | Email: markp@wp-attorneys.com |
| | Website: fairwagelawyers.com |

Plaintiff's attorneys have taken this case on a contingency basis. They may be entitled to receive attorneys' fees and costs from the Defendants should there be a recovery or judgment in favor of the Plaintiff. If there is a recovery, Plaintiff's attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class or their fees will be paid separately by the Defendants. If there is no recovery or judgment in Plaintiff's favor, Plaintiff's attorney will not seek any attorney's fees or costs from any of the Plaintiffs.

**THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE U.S. DISTRICT COURT, EASTERN DISTRICT OF MISSOURI, HONORABLE JUDGE JEAN C. HAMILTON**

**SEE ATTACHED PLAINTIFF CONSENT FORM**